IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2:14cr148 |
| v. | ) | 2:18cv963 |
| | ) | Electronic Filing |
| **RACQUEL SANCHEZ** | ) | |

**MEMORANDUM OPINION**

Racquel Sanchez ("defendant" or "Sanchez") was convicted of conspiring to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846. She was sentenced to the statutorily mandated minimum sentence. She exhausted her appellate rights and then filed a motion pursuant to 28 U.S.C. § 2255, which motion is pending and ripe for disposition. For the reasons set forth below, the motion will be denied.

The history of this case as it relates to defendant's motion accurately is recounted in the government's response to defendant's amended motion. See Government's Response (Doc. No. 104) at 1. On June 3, 2014, a grand jury returned an indictment against defendant, charging her with one (1) count of conspiring to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine. Upon conviction, the charged offense carried a statutorily mandated minimum sentence of 120 months and a maximum of life. After motions practice, defendant proceeded to jury trial in June of 2015. A duly selected jury convicted her of the charge on June 25, 2015. She was taken into custody at that time.

On November 19, 2015, defendant was sentenced to the minimum sentence of 120 months of incarceration. She appealed on November 24, 2015, and challenged the sufficiency of the evidence against her. See Doc. No. 94, Opinion of August 1, 2017, at 4. She maintained that the government's evidence was insufficient to support a conviction for conspiracy to

distribute methamphetamine because her onetime sale of a pound of methamphetamine only established a buyer-seller relationship, and not a conspiracy. Id. The United States Court of Appeals for the Third Circuit disagreed and affirmed defendant's conviction. Id. at 8.

Defendant filed the instant motion on July 20, 2018. In the motion she asserts that the processes utilized in empaneling the grand jury and petite jury were constitutionally defective because members of her race systematically were excluded from the panels; the offense of conviction constituted an invalid law and this court lacked Article III jurisdiction over the prosecution; the United States Attorneys Office lacked standing because it did not suffer an injury-in-fact; and the lack of jurisdiction by this court resulted in a deprivation of defendant's liberty in violation of the Tenth Amendment. As a result of these numerous violations of defendant's constitutional rights, she asserts an entitlement to immediate release. See generally Motion to Vacate (Doc. No. 95).

Defendant filed a subsequent brief in support of her motion on May 31, 2019. Therein, she asserts that trial counsel was ineffective for failing to 1) produce for her review the evidence the government made available to the defense prior to trial; 2) develop and offer evidence of defendant's drug dependency and present character witnesses; 3) obtain admission into the Bureau of Prison's Residential Drug Abuse Treatment Program; 4) identify and develop a credible defense to the charge; and 5) introduce mitigating evidence at sentencing in the form of defendant's long-standing drug dependency.

The government maintains that every issue raised by defendant is meritless on its face. "Her 255 motions are, in fact, a collection of baseless complaints about her trial counsel who represented her well [and] some of her complaints do not even apply to her case." Government's Response (Doc. No. 104) at 1. Her complaints purportedly amount to nothing more than vague and conclusory allegations and all of them "plainly lack factual and legal merit based on the

applicable law and the existing record." Thus, the government asserts that the motion should be denied without further development.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id. Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

A two-part test is utilized to assess an ineffective counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that

counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded

to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Defendant's motion is little more than gibberish. She posits general and disconnected legal propositions that are either fanciful or lack any factual support in this case, or both. Her brief is premised on broad propositions and conclusory statements. Consequently, the matters raised do no warrant further proceedings and the motion, as briefed, properly is subject to summary dismissal.

As aptly noted by the government, each of the foundational planks of defendant's request for relief is meritless. First, the validity of 21 U.S.C. § 846 is beyond question at this juncture. See generally United States v. Shabani, 513 U.S. 10 (1994). Second,18 U.S.C. § 3231 vests this court with jurisdiction over the prosecution of the offense against defendant. Our Court of Appeals has observed that "[t]he validity of § 3231 has been affirmed by every court to address it." United States v. Penwell, 455 F. App'x 181, 183 (3d Cir. 2011). And the courts within this jurisdiction have "consistently relied upon § 3231 to provide the district court with subject-matter jurisdiction over drug distribution charges" such as the one brought against defendant. United States v. Risquet, 426 F. Supp.2d 310, 311 (E.D. Pa. 2006) (citing United States v. Coles, 437 F.3d 361, 365 (3d Cir. 2006); United States v. Wilson, 413 F.3d 382, 385, n.1 (3d. Cir. 2005); and United States v. Agnew, 407 F.3d 193, 194 (3d Cir.2005)). For these reasons, defendant's assertions of lack of validity, jurisdiction and standing fall short.

Third, defendant failed to assert and preserve any objection to the composition of the grand jury and petite jury involved in her prosecution. During trial, she did not object to any irregularity in either the grand jury selection process or the composition of the jurors called for jury selection. She did not point to and has not identified any intentional or systematic exclusion of individuals during these processes. It follows that her bald and conclusory allegations to the

contrary, which conveniently arose only after her conviction and direct appeal have become final, fail to identify the foundation for a finding of a constitutional dimension. See Smith v. United States, 456 F.2d 121, 122 (3dCir. 1972) (unsubstantiated assertions of a constitutional violation in the selection of grand and petite jurors do not afford a basis for relief, notwithstanding that they are couched in a claim for denial of ineffective assistance of counsel)).

Furthermore, defendant's unsupported assertion of irregularity in the selection of jurors does not *ipso facto* trigger the need to search the record for such a violation under the auspices of an ineffective assistance of counsel claim. "Reasonable and effective assistance of counsel does not require an attorney to sift through voluminous jury records every time his client requests that he challenge the array as unconstitutionally drawn." Gustave v. United States, 627 F.2d 901, 905-06 (9th Cir. 1980). "There must be some evidence of irregularity in jury selection practices before failure to object to the panel rises to the level of ineffective assistance of counsel." Id. (citing Arnold v. Wainwright, 516 F.2d 964, 970-71 (5th Cir. 1975), cert. denied, 426 U.S. 908, and Smith, 456 F.2d at 121 (3d Cir. 1972)). Defendant's inability to reference any factual basis for her claims of unconstitutional composition in the jury selection process forecloses the ability to gain relief on these bases.

Defendant's remaining grounds advanced in support of her ineffective assistance claim also are meritless. Defendant's claims that counsel failed to develop and present evidence of her drug dependency and recommend admission into the Bureau's RDAP program are belied by the record. The presentence investigation report noted that defendant began using illicit drugs at the age of 17 and it continued up until her arrest. See Presentence Investigation Report (Doc. No. 68) at ¶¶ 46-7. It was noted that defendant had been prescribed numerous substances during pretrial supervision. Id. at ¶ 44. Defendant had the ability during her presentence interview with the Probation Office to highlight information about her drug dependency. She did not highlight

additional information about her drug dependency at that time. Thus, defendant's long-standing use of illicit drugs was noted for the court and it was based on the information defendant chose to make known about her drug dependency. Counsel did not have an obligation to devalue the account of his client and pursue additional information.

Further, counsel requested and the court did recommend that defendant be permitted to participate in the Bureau's RDAP program. See Judgment (Doc. No. 79) at p. 1. Thus, defendant could not have received additional relief from counsel undertaking additional measures to present evidence of defendant's drug dependency.

Moreover, any claim of prejudice at sentencing from defense counsel's purported failure to develop evidence of defendant's long-standing drug dependency sufficiently is misplaced. The court sentenced defendant to a statutorily mandated minimum sentence of 120 months. Thus, defendant could not have gained any additional benefit at sentencing from further presentation of her drug dependency.

Finally, defendant's claims that counsel failed to review with her the evidence the government made available to the defense prior to trial and/or develop a viable defense suffer from similar shortcomings. To constitute ineffective assistance of counsel an attorney's insufficient performance must rise to the level of a Sixth Amendment violation. See Murray, 477 U.S. at 486 (1986); Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002). Defense counsel developed a defense that was supported by the information underlying the case. The distorting effects of hindsight are not a basis for now concluding that the decision to pursue that defense over other unknown or unarticulated ones is somehow a form of ineffective assistance. See Weatherwax, 77 F.3d at 1432; accord Flamer, 68 F.3d at 728 (Where counsel's performance involves the election of seeking one defense strategy over another the court must assume "counsel's conduct falls within the wide range of reasonable professional assistance" until

petitioner advances concrete evidence to the contrary).

And contrary to defendant's implicit assertion, the Sixth Amendment right to counsel does saddle counsel with the obligation to "discover" a prevailing defense; it only requires counsel to pursue options that become available through the exercise of due diligence. Defendant's post-conviction attack on the strategy employed at trial cannot be based on generalities, but instead must be based on a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Here, counsel explored, developed and competently presented the only potential defense that has been identified to date and was supported by the actual information underlying the government's case against defendant. Defendant has not even implicitly eluded to the availability of another viable defense, let alone identified one that could demonstrate the choice of counsel fell below the prevailing standards required by the Sixth Amendment.

Each of the grounds identified by defendant in support of her quest for collateral relief lacks sufficient support to justify further proceedings. Consequently, her motion pursuant to § 2255 will be denied. An appropriate order will follow.

Date: September 23, 2021

.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Craig W. Haller, AUSA
(*Via CM/ECF Electronic Mail*)

Racquel Sanchez
Reg. #60863-018
FCI Tallahassee
501 Capital Circle NE
Tallahassee, FL 32301
(*Via First Class Mail*)